WeldoN, J.,
delivered the opinion of the court:
In the consideration and decision of this motion it becomes necessary t.o recite some of the proceedings after the rendition of the first judgment, in which this court found for the defendant and dismissed the petition. From that judgment the plaintiff prosecuted an appeal to the Supreme Court, which, at the October term, 1891, reversed the judgment and directed a retrial of the cause in pursuance to the law as announced and upon the points indicated in the opinion.
The Court of Claims held in the first trial that the transaction between the decedent and' O. S. Morehead, from which it is alleged decedent derived title to the cotton in controversy, was in violation of public policy and therefore void.
The Supreme Court decided, in substance, that during the civil war citizens of the United States residing in a loyal State could make a valid contract for the sale or mortgage of cotton growing on a plantation within a disloyal State, and such a contract would pass title to existing cotton on the plantation, and also cotton to be raised subsequently.
The order of reversal is as follows:
“ Reversed, and sent back to the Court of Claims with in strue-tions to pass upon the question whether the transaction was an absolute sale or merely a mortgage or pledge; and, according to the view adopted, the amount of the proceeds due and payable should be ascertained, and it is so ordered.”
On April 18,1892, the mandate of the Supreme Court was filed, which brought the cause on the docket of this court, to be tried in accordance with the law announced by the Supreme Court and in pursuance to the mandate of the court.
On June 1, 1893, the defendants made a motion to reopen *180 the case on what the statute terms the “preliminary inquiry” of bona fides. This motion presented the question now under, consideration, whether the bill of sale was genuine or a forgery. The court heard it at the time of the trial, considered the evidence offered by the defendants, and overruled the motion.
Upon' a retrial of the case on the 22d of June the court gave judgment in favor of the plaintiff for the sum of $88,104.21, in pursuance of the opinion of the Supreme Court and the further finding of fact upon the question as to whether the transaction was an absolute sale or a pledge by way of security.
On July 1,1893, the defendants filed a motion for rehearing, which motion was referred to the law calendar.
On February 19,1894, the motion of defendant for new trial was reargued and submitted.
The statute under which the court acquired jurisdiction of this case provides “ that, unless the said court shall on a preliminary inquiry find that said Briggs was in fact loyal to the U. S. Government and that the assignment to him hereinafter mentioned was bona fide, the court shall not have jurisdiction of the case, and the same shall, without further proceedings, be dismissed.” (June 4,1888, ch. 348, Stat. L., 1075.)
On April 15,1889, the court found that “ O. M. Briggs was in fact loyal to the U. S. Government, and that the assignment to him by G. S. Morehead, dated April 18, 1862, was bona fide.
The motion which is now considered and determined was filed on the 1st of July, 1893, and was made to set aside the judg-' ment entered on the 23d of June, 1893, on the ground of the insufficiency of the evidence already considered, and also upon other evidence to be produced by the defendants. In the argument two positions were' assumed: First, that the court erred in finding that 455 bales of cotton were taken from the More-head plantation belonging to O. M. Briggs; and, second, that the court erred in finding that the instrument in writing transferring said cotton to Briggs from Morehead was executed by O. S. Morehead.
This case in its trials and motions for new trials has been most carefully examined and considered by the court; the findings of fact upon the question of the amount of cotton were revised upon the second trial, and we do not now see any reason ■'to change the judgment of the court in that particular.
*181 The question, of the genuineness of the signature of C. S. Morehead to the memorandum of sale the court has most carefully considered and determined in the light of the testimony in the trials and arguments of motions for new trials.
Thé defendants now ask that the judgment be set aside and a new trial granted, in order that they may take the testimony of an expert witness for the purpose of proving that the signature of Morehead to said instrument is not genuine.
This case, as will be seen by the recital of the different steps taken during its litigation in this and the Supreme Court, has been most thoroughly examined and discussed in its facts and law.
When the cause was first tried there was no claim upon the part of the defendants that the memorandum of sale was a forgery; it was conceded that it was genuine; and the only questions were as to its lona fieles, consideration, and legality.
In the proceedings subsequent to the remand of the Supreme Court the question of the genuineness of the signature of. C. S. Morehead became and was one of the contested questions of the litigation; and upon that issue evidence was presented on both sides involving the statement of witness in relation to conversations with O. S. Morehead as to the sale of the cotton, opinions of witnesses well acquainted with the handwriting and signature of Morehead, and expert evidence upon the question of whether the signature was genuine or simulated.
And now upon this motion (as against the application of defendants to be allowed a new trial in order that further expert testimony may be taken) are filed three admitted signatures of Morehead, with the positive evidence of witnesses as to the genuineness of the signature and the execution of the instrument.
In addition to the evidence of comparison, there is the testimony of the intimate acquaintances, both social and business, of C. S. Morehead, that the signature is genuine. The testimony of his son and son-in-law, adverse to their own interest, shows not only the genuineness of the signature, but conversations with Mr. Morehead, in which he stated that he had made a sale of the cotton as indicated by the terms of the memorandum of sale. Mr. O. J. Walker swears he wrote the instrument and that the signature is genuine, which is adverse *182 to bis interest, be being interested in tbe estate of Morebead in bebalf of bis wife. Mr. Sbotwell, a large creditor of Mr. More-bead and an intimate business acquaintance, testifies that the signature is genuine, and that in a conversation with him Morebead stated that be bad sold bis cotton in Mississippi to C. M. Briggs. In addition, there is in evidence three checks of Mr. Morebead, bearing what is conceded to be bis genuine signature, and upon a comparison of those signatures with tbe signature in controversy tbe court is without any doubt as to tbe authenticity and identity of tbe signature to tbe contract of sale. These signatures become competent, as they are relied on by both parties and admitted without objections.
In addition to this proof, there is tbe testimony of Mr .Winter-smith, a life-long friend and relative of Mr. Morebead, and tbe person to whom one of tbe checks is payable, who swears without hesitation or doubt that tbe signature to tbe assignment is genuine. As to tbe comparison of bandwriting by tbe court, this case accords with that of Medway’s Case (6 C. Cls., 421) and Moore’s Case (97 U. S., 270), since tbe three signatures of Morebead admitted to be genuine have been so treated by both parties and by tbe expert testimony proposed to be offered, and such comparison is made without objection by either party. Tbe witnesses are unimpeacbed and of tbe highest respectability, having tbe best opportunity of knowing tbe truth or falsity of what they depose, making d eclaration against their own interest in a matter involving large pecuniary results, and uncontradicted by any positive testimony in tbe case. Tbe defendants have bad ample opportunity to present whatever evidence they desired; have had tbe benefit of expert testimony upon tbe subject of band writing, and to now set aside tbe judgment of tbe court for tbe purpose of giving them an opportunity to introduce further expert testimony, against such convincing proof as is already in tbe case would, in tbe opinion of tbe court, be in violation of tbe rights of tbe claimants and contrary to tbe law which governs courts in granting new trials.
Tbe motion is therefore overruled.